**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL PATTERSON,

    Petitioner,

vs.

BRIAN E. WILLIAMS, SR., *et al.*,

    Respondents.

_____/

2:15-cv-00362-JCM-VCF

**ORDER**

    In this habeas corpus action, the respondents filed a motion to dismiss (ECF No. 6) on September 10, 2015. The petitioner, Michael Patterson, filed a response to the motion to dismiss on October 12, 2015 (ECF No. 16). The respondents filed a reply in support of their motion on October 14, 2015 (ECF No. 17).

    In their motion to dismiss, one of the respondents' arguments is that Patterson has not yet completed his state habeas corpus litigation, and "[a]s a result, he has filed a mixed petition in this proceeding because none of his claims of ineffective assistance of counsel were ever presented to the Nevada Supreme Court for review." Motion to Dismiss (ECF No. 6), p. 1. Respondents argue that "[t]he entire petition should therefore be dismissed. *Id*.

    In response, Patterson states that his first state-court habeas petition is pending -- that it "has not yet been heard." Response to Motion to Dismiss (ECF No. 16), p. 3. Patterson does not make any representation that there is any question regarding the timeliness of the filing of his state-court

habeas petition. *See id*. Patterson therefore states that he "would agree that a federal protective petition is not necessary at this time." *Id*. at 3. Patterson states that dismissal without prejudice is appropriate. *See id*.

In their reply, respondents continue to assert that Patterson's case should be dismissed in its entirety. *See* Reply (ECF No. 17). Respondents argue, however, that two of Patterson's claims (Grounds 16C and 16J) are procedurally defaulted and should be dismissed, on that basis, with prejudice. *See id*.

As Patterson has not yet completed his first state-court habeas litigation, and because there appears to be no question with respect to the timeliness of the filing of the state habeas petition, the court finds that this federal habeas action is premature, and that it is subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982). Under the circumstances here, the court declines to adjudicate any claim in this action, on procedural default grounds or otherwise. The dismissal of this action will be without prejudice.

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (ECF No. 6) is **GRANTED**. This action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

Dated April 11, 2016.

UNITED STATES DISTRICT JUDGE

2